NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 18 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ERIC COTHRELL,<br><br>          Plaintiff-Appellant,<br><br>  v.<br><br>NANCY A. BERRYHILL, Acting Commissioner Social Security,<br><br>          Defendant-Appellee. | No.   16-35653<br><br>D.C. No. 3:15-cv-00775-HZ<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, District Judge, Presiding

Submitted July 11, 2018[**]
Portland, Oregon

Before: WARDLAW and OWENS, Circuit Judges, and LEFKOW,[***] District Judge.

Eric Cothrell appeals from the district court's judgment affirming the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Joan Lefkow, United States District Judge for the Northern District of Illinois, sitting by designation.

decision by the Commissioner of Social Security denying in part his application for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act. We review the district court's decision de novo, and the Commissioner's denial of benefits must be supported by substantial evidence and a correct application of the law. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). As the parties are familiar with the facts, we do not recount them here. We affirm in part, reverse in part, and remand.

1.     The Administrative Law Judge ("ALJ") did not err in failing to consider Cothrell's alleged "period of abstinence." Cothrell argues that Social Security Ruling ("SSR") 13-2p requires consideration of a period of abstinence when the severity of a co-occurring impairment increases after that period of abstinence ends. While SSR 13-2p recognizes that "[a]djudicators may draw inferences" when a co-occurring impairment's severity "increase[s] after [a] period[] of abstinence end[s]," 2013 WL 621536, at *12 (Feb. 20, 2013), SSR 13-2p also contemplates abstinence periods of "weeks" or "months or even longer," *id.* Cothrell alleges a "period of abstinence" of six days. Cothrell fails to provide any authority supporting the conclusion that six days constitutes a "period of abstinence" such that SSR 13-2p would require its consideration. Therefore, we do not find error. *Cf. Molina*, 674 F.3d at 1113 n.5 (recognizing that SSRs "do not carry the 'force of law'" (citation omitted)).

2.     The ALJ's conclusion that drug addiction and alcoholism ("DAA") was "material" to Cothrell's pre-December 17, 2009 disability was not supported by substantial evidence.  *See* 20 C.F.R. §§ 404.1535, 416.935 (explaining that DAA "is a contributing factor material to the determination of disability" when a claimant's "remaining limitations would not [otherwise] be disabling").  The ALJ concluded that DAA was material prior to December 17, 2009 by relying on the statements of a nonexamining doctor, Dr. Moore, as well as the lay testimony of Cothrell's family and former co-worker.

In reviewing Cothrell's records, Dr. Moore noted that Cothrell was in an inpatient program for substance abuse at 21 years old and inferred from this fact that Cothrell "had drug problems for a long time."  But Cothrell was born in 1963 and thus would have been in an inpatient program around 1984, over twenty years before Cothrell's alleged disability onset date of October 28, 2005.  Throughout the rest of the record, Dr. Moore recognized that "the report about the nature and the extent of [Cothrell's] drug problem is not consistent.  It is often vague."  Moreover, Dr. Moore stated that she did not believe Cothrell had more than "mild impairments" in activities of daily living from 2001 to 2007.  And the ALJ never asked about, and Dr. Moore never opined on, the extent of Cothrell's substance abuse, or its materiality to a determination of disability for any period prior to December 17, 2009.

3

The ALJ also relied on lay witness statements from Cothrell's family and former co-worker in concluding that DAA was material to his disability prior to December 17, 2009. Explaining that the ALJ's determination as to Cothrell's "residual functional capacity incorporates information from" Cothrell's family and former co-worker, the ALJ found that "due to [DAA]," Cothrell would be absent from work if he were employed in any of the jobs the vocational expert found him capable of doing. At the same time, the ALJ explicitly stated that neither Cothrell's father nor former co-worker "made any mention or even reference to [DAA]," and that DAA was "a factor not addressed by" Cothrell's mother and sister.

Other than these sources—Dr. Moore and Cothrell's family and former co-worker—the "ALJ offered no basis for his conclusion." *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014). And so we conclude that the ALJ's decision finding DAA material to Cothrell's disability prior to December 17, 2009 was not supported by substantial evidence. *See id.* Though an ALJ's error may be deemed harmless "where it is inconsequential to the ultimate nondisability determination," *Molina*, 674 F.3d at 1115 (internal quotation marks omitted), we cannot affirm the nondisability decision "on a ground that the agency did not invoke," *Stout v. Comm'r*, 454 F.3d 1050, 1054 (9th Cir. 2006) (internal quotation marks omitted).

The district court therefore committed reversible error in affirming the

ALJ's decision holding DAA material to Cothrell's disability prior to December 17, 2009.

3. The ALJ did not err in failing to consider the testimony of Cothrell's mother and sister. The ALJ explicitly stated that he credited their opinions regarding Cothrell's "symptoms and limitations." And to the extent that Cothrell argues that the ALJ erred in not relying on his mother's and sister's opinions as to his substance use, the ALJ explained his reason not to: neither of them addressed this part of Cothrell's history. The ALJ thus gave "specific reasons germane to each witness" in not considering the lay witness testimony of Cothrell's mother and sister on this point. *See Regennitter v. Comm'r of Soc. Sec. Admin.*, 166 F.3d 1294, 1298 (9th Cir. 1999).

4. The ALJ did not err in failing to consider the testimony of examining psychologist Dr. Causeya. Like the ALJ, Dr. Causeya found that Cothrell was disabled prior to December 17, 2009. Dr. Causeya, did not, however, discuss the effect of Cothrell's substance use on her disability determination despite acknowledging Cothrell's history of substance use. The ALJ thus did not rely on Dr. Causeya's opinion in making his DAA materiality determination. This is a "specific and legitimate reason[]" to reject Dr. Causeya's opinion on this point. *Buck v. Berryhill*, 869 F.3d 1040, 1050 (9th Cir. 2017) (citation omitted).

5. The ALJ erred in failing to discuss Dr. Paltrow's assessment of

5

Cothrell. *See Marsh v. Colvin*, 792 F.3d 1170, 1172 (9th Cir. 2015) (recognizing that completely omitting discussion of a doctor's opinion is error subject to harmlessness review). Assuming, as the Commissioner argues, that the harmlessness test articulated for an ALJ's failure to discuss lay witness testimony in *Molina*, 674 F.3d at 1115, may be extended to an ALJ's failure to discuss a medical opinion, here, the ALJ's error was not harmless. *Molina* held that an ALJ's error in omitting discussion of lay witness testimony may be harmless if the ALJ rejected testimony of a different lay witness for the same, legally valid reasons. *Id.* Here, the ALJ's reasons for rejecting Dr. Causeya's opinion either do not apply to Dr. Paltrow or were not legally valid.

Two of the reasons the ALJ relied on to reject the opinion of Dr. Causeya do not apply to the opinion of Dr. Paltrow: unlike Dr. Causeya, (1) Dr. Paltrow specifically attested to the fact that he believed DAA was not material to Cothrell's disability prior to December 17, 2009, and (2) Dr. Paltrow relied on treatment records that were close in time to the period in question. The only other reasons the ALJ invoked for rejecting Dr. Causeya's testimony were not legally valid: (1) Dr. Causeya's reliance on lay witness testimony, and (2) that there was evidence in the record that Cothrell was temporarily self-employed in 2006–07. *Cf. Regennitter*, 166 F.3d at 1298 (noting that ALJs must give reasons for discrediting lay witness testimony); *Lewis v. Apfel*, 236 F.3d 503, 515–16 (9th Cir. 2001)

6

(recognizing that the amount of money made during self-employment may shift a presumption of gainful employment).

6.　　Finally, Cothrell argues that we should direct an award of benefits on remand. Though it is true that there is no medical opinion in the record affirmatively finding DAA material to Cothrell's disability prior to December 17, 2009, that does not necessarily mean that DAA was not material. Further, Cothrell has the burden to prove that DAA was not material, 20 C.F.R. §§ 404.1535, 416.935; *Parra v. Astrue*, 481 F.3d 742, 748 (9th Cir. 2007), and there is evidence in the record that Cothrell had substance abuse problems during this time period. Remand for further proceedings, rather than an award of benefits, is thus appropriate. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014) ("Where there is conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate.").

Accordingly, we reverse and remand to the district court with instructions to remand to the Social Security Administration for further proceedings consistent with this disposition.

The Commissioner shall bear the costs of this appeal.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**